**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4137**

_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

WILLIAM ALLEN RONE, a/k/a Tweet,

                    Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Thomas D. Schroeder,
District Judge.  (1:12-cr-00219-TDS-4)

_____

Submitted:  November 21, 2013      Decided:  December 10, 2013

_____

Before NIEMEYER, KING, and DAVIS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Charles L. White, II, Greensboro, North Carolina, for Appellant.
Ripley Rand, United States Attorney, Sandra J. Hairston,
Assistant United States Attorney, Greensboro, North Carolina,
for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Allen Rone pled guilty to distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2012), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2012). The district court sentenced Rone to 168 months' imprisonment. On appeal, Rone argues that his sentence is procedurally unreasonable because the district court erred in its calculation of the drug quantity applicable to Rone. We affirm.

We review sentences for reasonableness "under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's advisory Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, did not rely on clearly erroneous facts in selecting the sentence, and sufficiently explained the selected sentence. Id. at 49-51. We review the district court's drug quantity finding underlying its calculation of the base offense level for clear error. United States v. Crawford, __ F.3d __, __, 2013 WL 5861809, at *2 (4th Cir. Nov. 1, 2013). This deferential

2

standard of review requires reversal only if we, upon review of the record as a whole, "[are] left with the definite and firm conviction that a mistake has been committed." Easley v. Cromartie, 532 U.S. 234, 242 (2001) (internal quotation marks omitted).

The district court's calculation of the drug quantity attributable to Rone was based on statements Rone made to federal agents. At the sentencing hearing, Rone did not dispute that he actually made the statements; he argued instead that he had not been truthful. The district court therefore had to make a credibility determination as to whether Rone was lying at the sentencing hearing or whether he had previously lied to federal agents. The record reveals that the district court heard evidence from Rone and the Government, carefully considered that evidence, and resolved the credibility determination in the Government's favor. See United States v. Henry, 673 F.3d 285, 292 (4th Cir.) (according district court's credibility determinations at sentencing "great difference"), cert. denied, 133 S. Ct. 182 (2012). In the face of this record, we are not left with a definite and firm conviction that the district court made a mistake. Therefore, we conclude that Rone's sentence is procedurally reasonable.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED